## SUPREME COURT.

### BANTA agt. MAXWELL and others.

A mortgage sale will be set aside where the owner of the property, or his attorney, has been misled by the agent of the mortgage-creditor, who bid off the premises, by his stating, verbally, to the owner, that the latter should have an opportunity to repurchase, on paying the claim of the mortgage-creditor with costs; and that the owner's rights should be protected—which agreement was not fulfilled, nor offered to be, after the purchase.

And especially where the purchaser at the sale requested the attorney for the owner not to bid; and the premises were sold considerably less than they would have been, had not the owner relied upon such verbal understanding—and for less than their value.

*New-York Special Term*, 1855.

THE defendant Maxwell moves to set aside a sale made of the mortgaged premises, and for an order that the sheriff shall not execute a deed to the purchaser. He is the owner of the premises subject to two mortgages—one to the plaintiff, and the other to the Mechanics' Building Association; and is liable for any deficiency to the association.

—— SMITH, *for plaintiff*.
—— LAY, *for defendant*.

MITCHELL, Justice. The premises were sold for $2,500, to J. Pecare, agent for the association, and they are about to convey them to another person at a profit. Two persons offer to bid, at a new sale, one $2,800, and the other $2,850; and there is proof that the premises are worth about $3,000. Maxwell swears that he had several conversations with Pecare, who told him that the association would purchase the premises at the sheriff's sale, and that Maxwell should have the privilege of repurchasing the premises, on paying the claim of the association with costs; and that Maxwell's rights should be protected. Pecare does not deny that he had several conversations on this

subject, nor state what the conversations were, but contents himself with denying that he ever told Maxwell that the association would purchase the premises, and that Maxwell should have the privilege of repurchasing them by paying the claim of the association with costs, or that the rights of Maxwell would be protected. This is an illustration of a negative pregnant,—he may not have said all that he denies; but his denial may be true, and he may have said, in effect, that Maxwell should have the privilege of repurchasing the premises on the terms mentioned. That Maxwell so understood him is shown by the affidavit of Mr. Lay; and, in conformity with it, Mr. Pecare attended the sale and bid for the property, and *requested Mr. Lay* (Maxwell's attorney) *not to bid for it.*

The inference is, that Mr. Maxwell has been misled by what Mr. Pecare said, (although Mr. Pecare may not have intended to mislead,) and he should not be injured by a mistake caused by the acts of the agent of his creditor.

There should be a resale, at the cost and expense of Mr. Maxwell, unless he and the association and Mr. Pecare consent to a transfer of Mr. Pecare's bid to some person to be agreed on, who will pay, as purchase money, more than the $2,500 bid. Mr. Maxwell should also pay $10, the costs of this motion. He is chargeable with costs, as his carelessness in relying on a mere verbal agreement, subject to be misunderstood and difficult of proof, leads to the extra expense.